MEADOWS *v.* STATE.

Opinion delivered January 23, 1904.

NEW TRIAL—REFUSAL TO GRANT CONTINUANCE.—It was not error to deny a new trial on account of the court's refusal to grant a continuance for an absent witness if there was a conflict between the testimony of such witness, as set out in the motion for continuance, and the testimony of appellant at the trial.

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Affirmed.

*J. E. London* and *W. H. Neal,* for appellant.

The demurrer to the indictment should have been sustained. Bish. Crim. Pro. § § 356, 357, 358, and cases cited; *Ib.* § 373; Bish. Cr. Law, 535; 13 Ired. 491; 58 Mo. 256; 58 Ark. 248. The indictment should have alleged the change to have been made without the knowledge or consent of the party making the original instrument. 62 Ark. 459; 59 Ark. 165; 55 Ark. 389. The offense of uttering was not complete. 21 Wend. 509. The court erred in denying the continuance prayed by defendant. 50 Ark. 161; 58 Ark. 544.

*George W. Murphy, Attorney General,* for appellee.

The charge of forgery in the first count is sufficient. 2 Bish. Cr. Proc. 419; Sand. & H. Dig. § 1595. The second count is also sufficient. 47 Ark. 572.

BUNN, C. J. This is an indictment for forgery and uttering a forged instrument, and, omitting caption, reads thus:

"The grand jury of Crawford county, in the name and by the authority of the State of Arkansas, accuse Hugh F. Meadows of the crime of forgery, committed as follows, towit: The said Hugh F. Meadows, on the 5th day of February, 1903, in the county of Crawford aforesaid, did unlawfully, feloniously and fraudulently forge, counterfeit and alter a certain writing on paper, the substance of said writing being as follows, towit: 'Fort Smith, Feby. 5, 1902. Received of H. F. Meadows, two hundred dollars, payment on Carlisle piano'—with the intent then and there fraudulently and feloniously to cheat and defraud the said Charles Botefur, Charles N. Davis and John B. Edwards in their legal rights, and obtain from said Charles Botefur, Charles N. Davis and John B. Edwards the possession of their property. The said writing on paper aforesaid has been withheld or destroyed by act or procurement of said defendant, H. F. Meadows, against the peace and dignity of the State of Arkansas.

"The grand jury of Crawford county, in the name and by the authority of the State of Arkansas, accuse said Hugh F. Meadows of the further crime of uttering a forged instrument, committed as follows, towit: The said H. F. Meadows on the 5th day of February, 1902, in said county of Crawford, did unlawfully, feloniously and fraudulently utter and publish to John B. Edwards, Charles Botefur and Charles N. Davis, as genuine, a certain forged, counterfeit and altered writing on paper, purporting to be a receipt, the substance of which was as follows, towit: 'Fort Smith, Ark., Feby. 5, 1902. Received of H. F. Meadows, two hundred dollars, payment on Carlisle piano'—with the intent then and there fraudulently and feloniously to cheat and defraud the said John B. Edwards, Charles Botefur and Charles N. Davis of the possession of their property, the said H. F. Meadows then and there well knowing said writing to be forged, counterfeited and altered as aforesaid. Said writing has been withheld or destroyed by the act or procurement of said H. F. Meadows."

The evidence showed that the defendant had previously purchased a Carlisle piano from Botefur, through his agent Davis, for the sum of $252, the seller reserving title in himself until full

payment should be made, as follows, towit: $84 on the 5th November, 1902, $84 on the 5th November, 1903, and $84 on the 5th November, 1904, making in the aggregate the sum of $252. It appears also from the testimony that a cash payment of $10 in addition was given by Meadows at the time of the sale, and this receipt is the subject of the forgery and utterance of forged instrument named in the indictment; the testimony tending to show that the figures 10 had been altered to the figures 200. The piano was left in the possession of defendant, and the notes were subsequently assigned to John B. Edwards, and on presentation for payment said receipt was tendered as a payment of so much upon the piano. The usual contract of sale and the notes were put in evidence on the trial of this cause.

On the calling of the case, appellant moved for a continuance on the ground of the absence of W. H. Roberts, by whom he alleged he expected to prove that at the time Davis, a witness for prosecution, delivered the piano to defendant, he saw Davis and defendant go into a room where the piano was, and heard Davis tell defendant he would like to have a larger cash payment than he received; that defendant then asked Davis how much he would allow him off for cash; that Davis replied 10 per cent., and that defendant then said, "I will pay you $200 and you send my notes back, and we will fix the rest up;" that Davis agreed to do so, and that defendant then paid him some amount—several bills; that Davis wrote a receipt, and gave it to defendant, and that it was for $200; that Roberts was located at Texarkana, and that no subpœna had been issued for him because he (appellant) did not until indictment learn that he was within the jurisdiction of the court, and could not procure him in any other way in so short a time; that he believed that, if Roberts was present, he would swear to the statements set out, and that they were true." In his testimony in this case, defendant stated: "I may have said, when I testified in the case of John B. Edwards against me, that there was no one but my wife and Elisha Stevens present, but I recollect that Milt Doss and Pink Richardson were present when the piano was delivered. Whether they saw the money or not, I do not know." In his testimony he does not say that W. H. Roberts was present. On the contrary, his name not being included in the list of those who he says were present, the inference is that he was

not present on the occasion of the payment of the money named and the delivery of the piano.

The refusal of the court to grant a continuance on account of the absence of the witness Roberts, alleged in the motion therefor to have been present when the money was paid, was made one of the grounds for setting aside the verdict and granting a new trial, and when that motion was made, the conflict between the testimony in the case and the affidavit for continuance was then made apparent, and the testimony showing that Roberts was not present when the money was paid, etc., overturns the statement in the motion for continuance, and sustains the refusal of the same.

The judgment of the trial court is therefore affirmed.